**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Salcido, Jr., <br><br> Plaintiff, <br><br> v. <br><br> CoreCivic Incorporated, et al., <br><br> Defendants. | No. CV-20-00332-PHX-DGC (ESW) <br><br> **ORDER** |

   Plaintiff Albert Salcido, Jr., who is currently confined in the Arizona State Prison Complex-Tucson, has filed, through counsel, a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc.1), alleging an Eighth Amendment deliberate indifference claim against Defendant Collins. On February 21, 2020, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and required only Defendant Collins to answer. (Doc. 6 at 5). The Court found that "Plaintiff fails to allege facts to support that CoreCivic promulgated or endorsed a policy or custom that resulted in the alleged violation of Plaintiff's constitutional rights. He therefore fails to state a claim against CoreCivic, and CoreCivic will thus be dismissed." (*Id.* at 4). The Court further found that "Plaintiff has not alleged that Defendant Stolc personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Accordingly, Plaintiff has failed to state a claim against Stolc, and Stolc will thus be dismissed." (*Id.*) As of the date of filing this Order, Plaintiff has not served Defendant Collins.

On April 10, 2020, Plaintiff filed his First Amended Civil Rights Complaint for Damages (Doc. 7).

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted).  Hence, both the parties and the Court are bound by the local rules.  LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994).  A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id.* (internal quotation marks and citation omitted).

Local Rule 15.1(b) provides that:
> If a party files an amended pleading as a matter of course…, the amending party must file a separate notice of filing the amended pleading.  The notice must attach a copy of the amended pleading **that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added....**

LRCiv 15.1(b) (emphasis added).

Here, Plaintiff's First Amended Complaint (Doc. 7) does not indicate in what respect it differs from the Complaint (Doc. 1).  Plaintiff has not bracketed or struck through the text to be deleted and has not underlined the text to be added.  Plaintiff's First Amended Complaint (Doc. 7) therefore fails to comply with LRCiv 15.1(b).  Plaintiff's failure to comply with Local Rule 15.1(b) hinders the Court's ability to compare the First Amended Complaint and original Complaint.  Therefore, Plaintiff's First Amended Civil Rights Complaint for Damages (Doc.7) will be stricken without prejudice.[1]  Plaintiff may file a proper separate Notice in compliance with LRCiv 15.1(b) which attaches a copy of the

---

[1] *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) ("Contrary to the defendants' assertions, Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).") (citation and internal quotation marks omitted).

First Amended Complaint which indicates in what respect it differs from the original Complaint by bracketing or striking through the text that was deleted and underlining the text that was added. Incorporation by reference is not permitted.

For the reasons set forth herein,

**IT IS ORDERED** striking Plaintiff's First Amended Civil Rights Complaint for Damages (Doc. 7) without prejudice.

Dated this 11th day of May, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge