Paul Gattone
State Bar # 012482
LAW OFFICE OF PAUL GATTONE
301 S. Convent
Tucson, Arizona  85701
(520) 623-1922
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Albert Salcido, Jr., | No. CV-00322-DGC-ESW |
| Plaintiff, | |
| Vs. | **AMENDED CIVIL RIGHTS COMPLAINT FOR DAMAGES** |
| CoreCivic, Inc., Warden Bruno Stolc, and Corrections Officer Chester Collins<br>Defendants. | (Jury Trial Requested) |

Comes now the Plaintiff who alleges:

**INTRODUCTION**

1.      This civil action for damages is based on physical, mental and emotional harm inflicted on the Plaintiff by the Defendants while acting in their capacity as corrections officers/officials and governmental agents of the Arizona Department of Corrections and CoreCivic, Inc.  Defendants deprived Plaintiff of his civil and constitutional rights as guaranteed under the Eighth Amendment of the United States Constitution. This civil action for money damages is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Eighth Amendment to the United States Constitution.

2.      This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

**PARTIES**

3.      Plaintiff Albert Salcido, Jr was, at the time of the incidents alleged, a resident of Pinal County.  He is currently an inmate at the Arizona State Prison Complex in Tucson, Arizona.

4.      Defendant CoreCivic is a constituted corporate entity, operating in Arizona and under contract with the Arizona Department of Corrections.  At all times relevant to the facts alleged herein, CoreCivic was under contract with the Arizona Department of Corrections (ADOC) to provide care, safety, and security to prisoners held in the Red Rock Correctional Center and therefore was acting under color of state law, and was acting in this capacity during the events described in this Complaint.

5.      Defendant Bruno Stolc was and still and is at all times relevant to the facts alleged herein, the Warden of the Arizona Department of Corrections (ADOC) Red Rock Correctional Center and was acting in this capacity during the events described in this Complaint.

6.      Defendant Corrections Officer Collins was and still and is at all times relevant to the facts alleged herein, an employee of CoreCivic, supervising ADOC inmates, and was acting in this capacity during the events described in this Complaint.

7.      At all times relevant to the facts alleged herein, all individual Defendants were employees of CoreCivic, Inc. and were acting as agents of the Arizona Department of Corrections, employed as such, and acting within the course and scope of their employment and/or agency and under color of state law.

8.      All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as agent, employee or under the direction and control of the others.

9.       All such acts and failures to act were within the scope of such agency and/or employment and under color of law, and each Defendant participated in, approved and/or ratified the acts and omissions of other Defendants complained of herein.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

10.      On February 25, 2018, Plaintiff was an inmate at the ADOC Red Rock facility in Eloy, Arizona.  Winslow, AZ.

11.      That morning Plaintiff had proceeded to the chow hall and had eaten his breakfast, as he did on any normal day.

12.      When leaving the chow hall that morning Plaintiff noticed a large group of African-American inmates congregating in the area.

13.      Plaintiff is Mexican-American and stopped to speak with other Mexican-American inmates to see if everything on the yard was okay or if there was a problem.

14.      Shortly thereafter, Plaintiff noticed fighting between groups of African-American and Mexican-American inmates.  Plaintiff did not get involved in the fighting.

15.      Plaintiff and the other Mexican-American inmates were pepper sprayed by corrections officer including Defendant Collins, and were rushed into a "dog run", a small enclosed walkway between units or yards, and were locked in that area.

16.      Defendant Collins was in another section of the "dog run" with a group of African-American inmates.

17.     The African-American inmates demanded that Defendant Collins open the gate with his keys so that they could get at the locked in group of Mexican-American inmates.

18.     Defendant Collins ultimately complied with this request and unlocked the area where Plaintiff and other Mexican-American inmates had been secured.

20.     Defendant Collins took this action despite the fact that the African-American inmates expressed their intention to physically attack Plaintiff and the other African-American inmates.

21.     Once the gate was opened by Defendant Collins, a large group of African-American inmates rushed into the area where Plaintiff had been secured and began to attack and beat Plaintiff and the other Mexican-American inmates.

22.     Plaintiff attempted to defend himself but was unable to do so against the number of attackers.

23.     Plaintiff was beaten badly by the African-American inmates and sustained injuries to his cheek and eye and also lost two teeth.

24.     Plaintiff's injuries were significant enough that he was transported to the hospital for treatment.

25.     Plaintiff was hospitalized for multiple days while receiving care for injuries he received in the attack.

26.     Plaintiff's vision still has not returned to normal after the attack and he continues to suffer from headaches from the beating.

27.     Plaintiff also has sustained mental and emotional injuries in the incident and he still suffers from anxiety and fear that prison personnel will allow him to be attacked again by other inmates.

28.     Defendant CoreCivic, Inc. is responsible for the operation of the Red Rock Correctional Center and is responsible to (insure) ensure the safety and security of those people incarcerated in the facility.  Defendant CoreCivic promulgated or endorsed a policy of failing to provide adequate security and staff at the facilities they operate, and Plaintiff was injured as a result. Additionally, Defendant CoreCivic failed to take the necessary steps to insure that Plaintiff was not subjected to actions that were deliberately indifferent to his safety and health.

29.     Defendant Stolc is responsible for the day to day operation of the Red Rock Correctional Center and is responsible to (insure) ensure the safety and security of those people incarcerated in the facility. Defendant Stolc was aware that there was insufficient staff and security measures in place at the facility to prevent disturbances from taking place at the facility and that non-involved inmates could be injured as a result.  Defendant Stolc failed or refused to take (the) necessary (steps) actions to (insure) (that Plaintiff was not subjected to actions that were deliberately indifferent to his safety and health) remedy these deficiencies and Plaintiff was injured as a result. Defendant Stolc was aware that there was a disturbance taking place at the Red Rock facility on February 25, 2018 and failed or refused to take the necessary steps to quell the disturbance and to ensure that Plaintiff and other non-involved inmates were protected from harm during the disturbance. Plaintiff was injured as a result of Defendant Stolc's actions and inactions.

30.     Each Defendant acted or failed to act in a manner that contributed to the violations of the law set out below.  They participated in a common operation that resulted in the above described

violation of Plaintiff's civil rights, or allowed acts to be set in motion that they knew or should have

known would lead to these injuries and illegal consequences.

31.    As a direct and proximate result of the above acts of the Defendants, Plaintiff suffered

the following injuries and damages:

A)  Violation of his constitutional rights under color of state law:

B)  Physical, mental and emotional pain and suffering:

## COUNT ONE
### (Constitutional Violations – Eighth Amendment Claim)

52.  Plaintiff restates and incorporates by reference each and every allegation contained in the

foregoing paragraphs, as though fully set forth therein.

53.  Plaintiff claims damages under the Eighth Amendment to the United States Constitution

for violation of his right to be free from cruel and unusual punishment.

54.  As a direct and proximate result of Defendants' actions, Plaintiff suffered physical injury,

pain and suffering and emotional losses.

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff asks that this court grant him the following relief:

a.  General damages against Defendants in an amount to be determined upon

consideration of the evidence

b.  Punitive damages against Defendants in an amount to be determined upon

consideration of the evidence;

c.  Costs of this suit;

d.  Attorney's fees pursuant to applicable statutes, including, inter alia, 42

U.S.C. §§ 1983 and 1988;

    a.   Granting any and all other relief that the court deem appropriate.

JURY TRIAL DEMANDED

RESPECTFULLY SUBMITTED this 12th day of May 2020.


   _s/Paul Gattone_____
   Paul Gattone
   Attorney for Plaintiff